In the Matter of the Accounting of BROOKLYN TRUST COMPANY, as Executor and Trustee under the Will of JOHN A. MORAN, Deceased.

Surrogate's Court, Kings County, December 20, 1948.

*Smith & Reiher* for executor and trustee, petitioner.

*James H. Callahan* for Edna L. Moran, individually and as administratrix of the estate of Joseph De B. Moran, deceased, respondent.

*Le Roy B. Iserman* for Grace M. Fearn and others, respondents.

*Oeland & Kuhn* for Monterey Land Corporation, claimant, respondent.

*William C. McCreery,* special guardian for Peter Healy and others, infants, respondents.

McGAREY, S. Incidental to the accounting proceeding a construction is sought of the trust provisions created by paragraph " Third " of the testator's will.

The testator herein died on the 30th day of April, 1932, survived by his widow and five children. One of the children, Joseph, died in 1947, under the age of twenty-one, unmarried and without issue. Of the remaining children, two have now reached the age of twenty-five.

The testator by the terms of his will directed that his residuary estate be divided into three equal parts. One of these parts was to be held in trust for his widow during her lifetime or widowhood and upon her death or remarriage to be divided in equal shares among his children surviving him.

The intent of the testator under the foregoing provision is clearly discernible in that he intended a present gift to his children who survived him subject to the preceding life estate of his widow.

The court accordingly determines that under subdivision " a " of paragraph " Third " each of the five children who survived the testator took a vested interest, on his death, in a one-fifth share in remainder of the trust created for the widow.

The testator pursuant to subdivision " b " of the " Third " paragraph provided that the remaining two equal parts be divided into as many equal shares as shall be equal to the number of children who shall survive him and to be held in separate trusts for their benefit.

As each child attained the age of twenty-one years the testator directed his trustee to pay over the sum of $10,000 from the

principal and the remainder upon attaining their twenty-fifth birthday.

The so-called " divide and pay over " rule is not applicable herein as the remainder is not payable to a class to be determined on a future event but has definitely been determined by the testator's will as if named therein, survivorship of testator being the only condition.

The court, therefore, holds that each of the children has an absolute remainder under subdivision " b " of paragraph " Third " of the will with time of payment suspended. (*Matter of Staats,* 272 App. Div. 139, affd. 297 N. Y. 648; *Matter of Banker,* 60 N. Y. S. 2d 699.)

The interest of the son, Joseph, will therefore be made payable to the representative of his estate.

Proceed accordingly.